IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Michael Carlson
2444 Sand Dollar Ct.
Green Bay, WI 54313,

Michael J. Langenhorst
2094 Autumn Leaves Circle
Green Bay, WI 54314,

John M. Meyer
2333 Gulf of Mexico Dr., Unit 1C4
Long Beat Key, FL 34228,

John and Mary Ann Meyer, LP
P.O. Box 10067
Green Bay, WI 54307-0067,

Robert J. Pfeil
2616 Tirol Court
Green Bay, WI 54302,

Robert J. Weyers
3000 Autumn Leaves Circle
P.O. Box 12057
Green Bay, WI 54307-2057,

Timothy L. and Renee F. Guzek
1750 Martinwood Ct.
De Pere, WI 54115,

James Frank Cape a/k/a Frank Cape
1248 Gail Dr.
Green Bay, WI 54311,

John M. Meyer, Jr.
4552 Choctow Trail
Green Bay, WI 54313,

Beth A. and Warren Daniel Nilsson
2368 Green Bay Road
Washington Island, WI 54246,

and

Robert and Dorothy Bjarnarson
RR 1 Box 192 Townline Rd.
Washington Island, WI 54246

    Plaintiffs,

Case No. 06-CV-_____

SEISMIC SCIENCES, INC.,
745 Ontario Road, Suite 5
Green Bay, Wisconsin 54311

    Nominal Plaintiff,

v.

JAMES E. FRANKLIN II
3510 Santoro Way
San Diego, California 92130

and

OIL & GAS TECHNOLOGY FUND, INC.
3510 Santoro Way
San Diego, California 92130

    Defendants.

## COMPLAINT

NOW COME the above-named Plaintiffs, Michael Carlson, Michael J. Langenhorst, John M. Meyer, John and Mary Ann Meyer, LP, Robert J. Pfeil, Robert J. Weyers, Timothy L. and Renee F. Guzek, James Frank Cape, John M. Meyer, Jr., Beth A. and Warren Daniel Nilsson, and Robert and Dorothy Bjarnarson, by and through heir attorneys, Liebmann, Conway, Olejniczak & Jerry, S.C., and as and for their complaint against James E. Franklin II and Oil & Gas Technology Fund, Inc., alleges and shows to the Court as follows:

## I. THE PARTIES

1. That the above-named Plaintiffs are adults residing at the addresses shown on Exhibit A, attached hereto, and each Plaintiff owns an ownership interest in Seismic Sciences, Inc., a Nevada corporation, in the amount listed on Exhibit A.

2. That nominal Plaintiff, Seismic Sciences, Inc. ("SSI"), is a Nevada corporation having its principal offices located at 745 Ontario Road, Suite 5, Green Bay, Wisconsin 54311 and has been at all material times hereto, engaged in the business of the development of technology for the exploration of oil and gas.

3. That the Defendant, James Franklin, is, upon information and belief, an adult resident of the State of California, residing at 3510 Santoro Way, San Diego, California 92130, and was at all material times hereto, involved in the business of Seismic Sciences, Inc. and of Oil & Gas Technology Fund, Inc. ("OGTF").

4. That Defendant OGTF is, upon information and belief, a Nevada corporation having its principal offices located at 3510 Santoro Way, San Diego, California 92130, and which is named as a defendant herein, as a necessary party, insofar as certain interests of OGTF may be adjudicated in this case.

## II. JURISDICTION AND VENUE

5. That the amount in controversy exceeds $75,000, so jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332, and federal question jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §78a, insofar as the allegations contained hereinafter, involve, among other things, the adjudication of ownership interests in certain patents and intellectual property and the sale and transfer of certain securities.

6. That each of the Plaintiffs sue individually and derivatively on behalf of SSI.

7. That some of the events alleged herein occurred in this district and therefore venue is appropriate under 28 U.S.C. §§1391, 1400(a).

### III. STATEMENT OF FACTS

#### A. MISREPRESENTATIONS

8. That the Plaintiffs collectively invested approximately $1.7 million dollars in SSI, and have repeatedly requested and sought information from James Franklin regarding the financial and business operations of the company and the management of the company, which has been refused or delayed.

9. In connection with the sale of the securities to the Plaintiffs, each of the Plaintiffs communicated with or received information disseminated by James Franklin, who was promoting the sale of shares of stock in SSI and purchased the shares in such company without material information which was omitted and based on material misstatements by Defendant, James Franklin. Among the material omissions Franklin failed to communicate to the Plaintiffs, and misstatements communicated to the Plaintiffs:

    a. That Franklin was facing charges by the U. S. Securities and Exchange Commission for securities fraud in at least two cases, and has now been adjudicated as liable in such cases, and had been enjoined from violating certain securities laws, and that there is now pending proceedings to bar Franklin from the sale of certain securities.

    b. That Franklin enjoyed the benefit of a consulting agreement and an amended consulting agreement, which allegedly gave Franklin a substantial interest in the gross revenues of SSI but the terms and conditions of such agreements were not fully disclosed.

c. That ownership of key intellectual property, including certain patent rights (applied for), was misstated.

d. That information about the ownership interest possessed by other shareholders in SSI, and the nature and extent of that interest, including the class of stock owned by such other shareholders, was misstated.

e. That substantial royalties and other benefits had been promised to employees, consultants and others, jeopardizing the gross revenues of SSI, which information was not communicated.

f. That the compensation to be paid to certain individuals soliciting investors for SSI as finder's fees was misstated on later investments.

g. That it was falsely reported that James Franklin was not involved in management of the company, when Franklin was substantially involved in the company's operations.

h. That Franklin concealed the intended use of proceeds raised from the Plaintiffs.

i. That Franklin failed to disclose the lease of his personal residence to SSI.

j. That Franklin furnished inaccurate financial statements.

k. That Franklin failed to disclose that stock prices varied in the same offering for different investors.

### B. MISUSE OF CORPORATE AUTHORITY

10. That Franklin has misused SSI funds, including charging expenditures to SSI which were personal in nature or related to other business interests possessed by Franklin, paying certain expenses which properly belonged to OGTF with SSI funds, receiving excessive

- 5 -

Case 1:06-cv-00487-WCG    Filed 04/12/06    Page 5 of 11    Document 1

compensation for consulting to the company without earning the same, and refusing to provide receipts and other evidence of accountability for corporate funds expended by Franklin.

11. That Franklin has engaged in certain unauthorized acts. These include:

    a. Knowingly exercising apparent corporate authority when its exercise was contrary to by-laws and corporate policy;

    b. Engaged in conduct alleged in Paragraph 9k, which was unauthorized by the SSI Board of Directors or shareholders.

    c. By attempting to set up separate bank accounts controlled by Franklin and inaccessible to management, so as to divert monies provided by certain investors for SSI stock,

    d. By engaging in unauthorized contract discussions with significant business interests interested in procuring access to SSI owned technology and assets without involving SSI's officers or board of directors and refusing to provide information about the same when demanded in a timely fashion.

    e. By backdating and changing key documents that allocate certain rights among SSI, OGTF, and various individuals affiliated with such companies, and by materially misstating the terms of such documents in materials intended for dissemination to potential investors

    f. By awarding royalties and SSI shares to others, without prior approval by SSI officers or its board of directors.

### C. PATENTS AND TECHNOLOGY

12. That, upon information and belief, SSI owns certain rights in patents applied for and in intellectual property and trade secrets related thereto which are integral to the conduct of SSI's business and relate to the exploration for oil and gas.

13. That, upon information and belief, certain patents have been applied for for such technology, but the Plaintiffs have been informed of varying, divergent, and contradictory claims to the ownership of such technology and the rights thereto by Defendant Franklin, by Defendant OGTF, and by certain scientists who claim the right to rescind any assignment of such patent rights.

14. The Plaintiffs have also been informed and believe that the application for such patents for such technology are not being prosecuted diligently or at all, and therefore the right to acquire such patent rights may be jeopardized.

15. SSI is currently involved in six separate lawsuits in multiple jurisdictions, which include claims by former key employees who were represented as key employees in past securities promotional materials, over ownership rights to key SSI technology and to past compensation allegedly owed by SSI to such employees.

### D. OGTF AND JAMES FRANKLIN'S STOCK OWNERSHIP RIGHTS

16. That Defendant OGTF and Franklin acquired stock ownership interests in SSI by, upon information and belief, transferring certain assets and rights to technology which SSI acquired.

17. The amount of such ownership interest and the class of stock related thereto is uncertain, as the Plaintiffs have been informed of varying documents which place such

ownership rights to shares of common stock in different individuals and vary considerably in the number of shares.

18. James Franklin ostensively acquired shares of preferred stock in SSI as a consequence of such transfer, which shares were improperly acquired for the lack of full and valid consideration.

19. Upon further information and belief, OGTF has transferred some of those shares to others, who are unknown to the Plaintiffs, and converted other shares in bearer form, which transfers may violate certain obligations and exemptions of SSI under federal and state securities laws.

20. Further, upon information and belief, in consideration of Franklin and OFTF's shares, OGTF transferred to SSI certain technology, which OGTF claimed an ownership interest in, but which OGTF either never owned or which had been previously transferred to SSI at the time OGTF obtained such shares, and therefore all or a portion of those shares were issued to OGTF for no valid consideration.

### E. FUTURE CONDUCT

21. That upon information and belief, Defendant Franklin continues to seek potential future investors for SSI, continues to make material misstatements and material omissions in connection with such solicitations for securities, and, if successful, thereby exposes such investors to substantial and irreparable harm, and exposes SSI, and, potentially, its Board of Directors, to civil liability therefore.

22. That upon information and belief, Franklin will continue to divert and dissipate key assets of SSI by licensing or transferring key technology rights to others, without knowledge or involvement or acquiescence of SSI, its management or board of directors.

23. That Franklin's continued association with SSI affects its ability to raise capital and therefore, jeopardizes its continued ability to operate efficiently or at all.

24. That Franklin's continued conduct threatens to expose SSI to legal and equitable commitments, which SSI has not authorized, and which Franklin is not authorized to make.

### IV. CLAIMS AND REMEDIES

25. That the Plaintiffs are entitled to an accounting from Franklin and OGTF as to the current shareholders of the company, as to the current status of ownership of the company's intellectual property, as to past revenue and expenses, as to the diversion of resources from SSI to OGTF and the undertaking of expenses by SSI which properly belong to OGTF, and on all such other matters so as to reasonably satisfy the Plaintiffs that the business of SSI is properly and efficiently run.

26. That unless preliminarily and permanently enjoined Franklin will cause irreparable harm to the Plaintiffs, to SSI and the Plaintiffs' investment therein, and to others for which the Plaintiffs lack an adequate remedy at law. The Plaintiffs are entitled to a preliminary and permanent injunction removing Franklin from any involvement in the conduct of SSI business, including, but not limited to, representing SSI to third parties and presenting proposals to potential investors for investing in SSI.

27. That the Plaintiffs are entitled to declaratory judgment defining the nature and extent of OGTF's shareholder interest in SSI, and declaring whether such company paid valid, adequate, or any consideration for any stock owned by such company.

WHEREFORE, the Plaintiffs respectfully requested judgment as follows:

A. For an accounting as described in Paragraph 23, herein above;

B. For a declaratory judgment as described in Paragraph 26, herein above, and

C.  For a preliminary and permanent injunction as described in Paragraph 24, herein above.

## JURY DEMAND

Plaintiff demands a trial by a jury of 12 persons.

Dated this 12th day of April, 2006.

LIEBMANN, CONWAY, OLEJNICZAK, & JERRY, S.C.
Attorneys for Plaintiffs

By: _____
George Burnett

POST OFFICE ADDRESS:
231 South Adams Street
Green Bay, WI 54301
P. O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476
State Bar No. 1005964
#166732

- 10 -

# EXHIBIT A

1) Michael Carlson                                10,000 shares
   2444 Sand Dollar Ct.
   Green Bay, WI 54313

2) Michael J. Langenhorst                         10,000 shares
   2094 Autumn Leaves Circle
   Green Bay, WI 54314

3) John M. Meyer                                  40,000 shares
   2333 Gulf of Mexico Dr. Unit 1C4
   Long Beat Key, FL 34228

4) John and Mary Ann Meyer, LP                    40,000 shares
   P.O. Box 10067
   Green Bay, WI 54307-0067

5) Robert J. Pfeil                                15,000 shares
   2616 Tirol Court
   Green Bay, WI 54302

6) Robert J. Weyers                               10,000 shares
   3000 Autumn Leaves Circle
   Green Bay, WI 54313

7) Timothy L. and Renee F. Guzek                  15,000 shares
   1750 Martinwood Ct.
   De Pere, WI 54115

8) James Frank ("Frank") Cape                     10,000 shares
   1248 Gail Dr.
   Green Bay, WI 54311

9) John M. Meyer, Jr.                             20,000 shares
   4552 Choctow Trail
   Green Bay, WI 54313

10) Beth A. and Warren Daniel Nilsson             40,000 shares
    2368 Green Bay Road
    Washington Island, WI 54246

11) Robert and Dorothy Bjarnarson                 50,000 shares
    RR 1 Box 192 Townline Rd.
    Washington Island, WI 54246