IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Michael Carlson
2444 Sand Dollar Ct.
Green Bay, WI 54313,

Michael J. Langenhorst
2094 Autumn Leaves Circle
Green Bay, WI 54314,

John M. Meyer
2333 Gulf of Mexico Dr., Unit 1C4
Long Beat Key, FL 34228,

John and Mary Ann Meyer, LP
P.O. Box 10067
Green Bay, WI 54307-0067,

Robert J. Pfeil
2616 Tirol Court
Green Bay, WI 54302,

Robert J. Weyers
3000 Autumn Leaves Circle
P.O. Box 12057
Green Bay, WI 54307-2057,

Timothy L. and Renee F. Guzek
1750 Martinwood Ct.
De Pere, WI 54115,

James Frank Cape a/k/a Frank Cape
1248 Gail Dr.
Green Bay, WI 54311,

John M. Meyer, Jr.
4552 Choctow Trail
Green Bay, WI 54313,

Beth A. and Warren Daniel Nilsson
2368 Green Bay Road
Washington Island, WI 54246,

    and

Robert and Dorothy Bjarnarson
RR 1 Box 192 Townline Rd.
Washington Island, WI 54246

       Plaintiffs,                        Case No. 06-C-00487-WCG

SEISMIC SCIENCES, INC.
745 Ontario Road, Suite 5
Green Bay, Wisconsin 54311

       Nominal Plaintiff,

   v.

JAMES E. FRANKLIN III
3510 Santoro Way
San Diego, California 92130

   and

OIL & GAS TECHNOLOGY FUND, INC.
3510 Santoro Way
San Diego, California 92130,

KYO SUN KIM
107710 El Caballo
San Diego, California 92127-3311

ROBERT D. FRANCIS
13431 Willamette Drive
Westminster, California 92683-2536

       Defendants.

---

## AMENDED COMPLAINT

---

NOW COME the above-named Plaintiffs, Michael Carlson, Michael J. Langenhorst, John M. Meyer, John and Mary Ann Meyer, LP, Robert J. Pfeil, Robert J. Weyers, Timothy L. and Renee F. Guzek, James Frank Cape, John M. Meyer, Jr., Beth A. and Warren Daniel Nilsson, and Robert and Dorothy Bjarnarson, by and through their attorneys, Liebmann, Conway,

Olejniczak & Jerry, S.C., and as and for their complaint against James E. Franklin III and Oil & Gas Technology Fund, Inc., alleges and shows to the Court as follows:

## I.     THE PARTIES

1. That the above-named Plaintiffs are adults residing at the addresses shown on Exhibit A, attached hereto, and each Plaintiff owns an ownership interest in Seismic Sciences, Inc., a Nevada corporation, in the amount listed on Exhibit A.

2. That nominal Plaintiff, Seismic Sciences, Inc. ("SSI"), is a Nevada corporation having its principal offices located at 745 Ontario Road, Suite 5, Green Bay, Wisconsin 54311 and has been at all material times hereto, engaged in the business of the development of technology for the exploration of oil and gas.

3. That the Defendant, James E. Franklin III, a/k/a James E. Franklin II, a/k/a Everett Franklin, a/k/a James Everett Franklin, is, upon information and belief, an adult resident of the State of California, residing at 3510 Santoro Way, San Diego, California 92130, and was at all material times hereto, involved in the business of Seismic Sciences, Inc. and of Oil & Gas Technology Fund, Inc. ("OGTF").

4. That Defendant OGTF is, upon information and belief, a Nevada corporation having its principal offices located at 3510 Santoro Way, San Diego, California 92130, and which is named as a defendant herein, as a necessary party, insofar as certain interests of OGTF may be adjudicated in this case.

5. Defendant Kyo Sun Kim is an adult resident of the State of Californian, residing at 10771 El Caballo, San Diego, California 92127-3311, and was, at key times, an officer and director in Seismic Sciences, Inc., holding fiduciary and other legal duties and responsibilities to the above-named Plaintiffs.

6. That Defendant, Robert D. Frances, was an adult resident of the State of California, residing at 13431 Willamette Drive, Westminster, California 92683-2536, and at key times herein, was an officer and director of Seismic Sciences, Inc., holding fiduciary and other legal responsibilities to the Plaintiffs herein.

## II.     JURISDICTION AND VENUE

7. That the amount in controversy exceeds $75,000, so jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332, and federal question jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §78a, insofar as the allegations contained hereinafter, involve, among other things, the adjudication of ownership interests in certain patents and intellectual property and the sale and transfer of certain securities.

8. That each of the Plaintiffs sue individually and derivatively on behalf of SSI.

9. That some of the events alleged herein occurred in this district and therefore venue is appropriate under 28 U.S.C. §§1391, 1400(a).

## III.     STATEMENT OF FACTS

### A.     MISREPRESENTATIONS

10. That the Plaintiffs collectively invested approximately $1.6 million dollars in SSI, and have repeatedly requested and sought information from James Franklin regarding the financial and business operations of the company and the management of the company, which has been refused or delayed.

11. In connection with the sale of the securities to the Plaintiffs, each of the Plaintiffs communicated with or received information disseminated by James Franklin, who was promoting the sale of shares of stock in SSI and purchased the shares in such company without material information which was omitted and based on material misstatements by Defendant,

James Franklin. Among the material omissions Franklin failed to communicate to the Plaintiffs, and misstatements communicated to the Plaintiffs:

  a. That Franklin, who represented that he was a financial expert, had been adjudicated as liable for securities fraud in one case brought against him by the U. S. Securities and Exchange Commission and in that case had been enjoined from violating certain securities laws, was facing charges for securities fraud in another case brought by the U. S. Securities and Exchange Commission in which he was again adjudicated liable and enjoined further from violating the anti-fraud provision contained in Section 17(a) of the Securities Act of 1933 [15 U.S.C. 78q(a)], and that there is now pending administrative proceedings by the U. S. Securities and Exchange Commission to permanently bar Franklin from the sale of certain securities.

  b. That Franklin intended to enjoy the benefit of a consulting agreement which allegedly gave Franklin a fixed monthly consulting fee and a substantial interest in the gross revenues of SSI but the terms and conditions of such consulting agreement was not disclosed.

  c. That ownership, protection status, and territorial rights to use key intellectual property, including certain patent rights (applied for), was misstated;

  d. That Franklin allegedly retained certain rights in the intellectual property referred to in paragraph 11.c, which information was not disclosed;

  e. That an alleged similarity between the intellectual property referred to in paragraph 11.c and "prior art" was not disclosed;

f. That information about the ownership interest possessed by other shareholders in SSI, and the nature and extent of that interest, including the class of stock owned by such other shareholders, was misstated.

g. That substantial royalties based on gross revenues and other benefits had been promised to employees, consultants and others, in such amounts that it would be unlikely that SSI could be operated profitably or would have sufficient earnings for distributions to shareholders, which information was not disclosed.

h. That the compensation to be paid to certain individuals soliciting investors for SSI as finder's fees was misstated.

i. That it was falsely reported that James Franklin was a consultant when Franklin intended to be substantially involved in the company's operations as if he were a senior officer.

j. That Franklin concealed the intended use of proceeds raised from the Plaintiffs.

k. That Franklin failed to disclose that he intended to have SSI pay for his personal residence by failing to disclose that such property had been leased to SSI.

l. That Franklin furnished inaccurate financial statements that included nonexistent assets and improperly accounted for certain transactions by which SSI acquired the intellectual property.

m. That Franklin failed to disclose that stock prices varied in the same offering for different investors;

n. That Franklin failed to disclose in the same offering that different investors would receive different consideration for the same investment;

o. That Andrey Berg was entitled to be paid $100,000 and that proceeds from the sale of stock to Plaintiffs would be used to pay such amount, which fact was not disclosed;

p. That the financial statement given to Plaintiffs disclosed assets that did not exist, or if they existed, were never intended to be transferred to SSI, and disclosed indebtedness fabricated for the purpose of diverting investor proceeds to or for the benefit of Franklin or entities owned or controlled by Franklin;

12. That Defendants Franklin and Frances, acting in concert, solicited Plaintiffs Daniel and Beth Nilsson to invest in SSI in exchange for units in SSI, plus a 1% overriding royalty on certain drilling rights supposedly owned by SSI.

13. Such Defendants, acting in concert, made certain representations that were misleading, including, but not limited to, a claim that OGTF would lose certain drilling rights if a payment of $200,000 from SSI to OGTF was not made within three days, that if the Nilssons made a $200,000 investment in SSI, they and SSI would each receive a 1% overriding royalty on such drilling rights, that the funds provided by Nilssons would be used to acquire the drilling rights at the rate of $500 per acre, so the gross oil revenue from such drilling rights would approximate $400-500 million on a yield of 8 million barrels per annum.

14. Nilssons invested in SSI and one or more of such representations proved false, as SSI did not obtain a 1% overriding interest, that the lease providing such drilling rights was never publicly recorded, that the amount due to preserve such drilling rights was overstated, and that the Nilssons' investment proceeds was not used to cover the cost of such lease. Further upon investment by the Nilssons, Defendant Franklin repeatedly refused to prepare or provide

promptly documentation corroborating the 1% overriding interest, which documentation was belatedly but, upon information and belief, inadequately provided.

## B. MISUSE OF CORPORATE AUTHORITY

15. That Franklin has misused, and has caused to be misused, SSI funds, including charging expenditures to SSI which were personal in nature or related to other business interests possessed or controlled by Franklin, using SSI funds to pay certain expenses which properly belonged to or were properly allocable to OGTF, receiving compensation for consulting services rendered to SSI without earning the same, and refusing to provide receipts and other evidence of accountability for corporate funds expended by or for the benefit of Franklin or other business interests possessed or controlled by Franklin.

16. That Franklin has engaged in certain unauthorized acts. These include:

    a. Knowingly exercising apparent corporate authority when its exercise was contrary to the by-laws of SSI, the consulting agreement that that Franklin claimed to be effective and proper corporate governance;

    b. Engaging in the conduct alleged in Paragraph 11.m and 11.n, which was unauthorized by the SSI Board of Directors or shareholders;

    c. By failing to give access to the corporate bank account to senior officers in order to conceal that he was drawing checks against corporate bank accounts, including for the payment of personal credit card expenses, and withdrawing cash from such account, when not authorized to do so;

    d. By attempting to set up separate bank accounts controlled by Franklin that would be inaccessible to senior officers, so as to divert monies provided by certain investors for SSI stock;

e. By engaging in unauthorized contract discussions with significant business interests interested in procuring access to SSI owned technology and assets without involving SSI's officers or board of directors and refusing to provide information about the same in a timely fashion when demanded;

f. By negotiating for the diversion of SSI revenue through entities unrelated to SSI;

g. By backdating and changing key documents that allocate certain rights among SSI, OGTF, and various individuals affiliated with such companies, and by either or both materially misstating the terms of such documents or omitting disclosure of the terms of such documents, in materials intended for dissemination to potential investors;

h. By awarding royalties and SSI shares to others, without prior approval by the SSI officers or its board of directors;

i. By misappropriating corporate funds for personal benefit and using backdated corporate documents to accomplish the same.

j. By backdating a consulting agreement obligating SSI to issue warrants at $0.10 and $0.20 to Franklin, and thus benefiting personally by establishing a "strike" price significantly less than the "strike" price used in options created at the same time for SSI employees;

k. Soliciting investment using one or more prospectuses that were not approved by the Board as required by a resolution of the Board;

l. Disseminating term sheets containing material misstatements, including a representation that SSI's technology was 100% effective in detecting hydrocarbons,

which misstatements Franklin knew or should have known were false and that were not approved by the Board or senior officers;

  m. Failing to adhere, or causing others to fail to adhere, to numerous provisions of the bylaws of SSI, including without limitation, provisions concerning required signatories to drafts drawn against SSI's bank accounts, issuance of stock in "bearer" form, execution of subscription agreements, the transfer of stock, execution of instruments on behalf of the corporation; and

  n. Back dating the adoption of corporate accounting policies and procedures for the purpose of using such policies and procedures to further Franklin' and OGTF's position in litigation.

## C.  PATENTS AND TECHNOLOGY

17. That, upon information and belief, SSI owns certain rights in patents applied for and in intellectual property and trade secrets related thereto which are integral to the conduct of SSI's business and relate to the exploration for oil and gas.

18. That, upon information and belief, certain patents have been applied for for such technology, but the Plaintiffs have been informed of varying, divergent, and contradictory claims to the ownership of such technology and the rights thereto by Defendant Franklin, by Defendant OGTF, and by certain scientist who claim the right to rescind any assignment of such patent and technology rights.

19. That, upon information and belief, the right to acquire such patents for such technology may be in jeopardy due to a lack of diligent prosecution.

20. SSI is currently involved in five separate lawsuits, which include claims by former key employees who were represented as key employees in past securities promotional

materials, over ownership rights to key SSI technology and to past compensation allegedly owed by SSI to such employees.

### D. OGTF AND JAMES FRANKLIN'S STOCK OWNERSHIP RIGHTS

21. That Defendant OGTF and Franklin acquired stock ownership interests in SSI by, upon information and belief, transferring certain assets and rights to technology which SSI acquired.

22. The amount of such ownership interest and the class of stock related thereto is uncertain, as the Plaintiffs have been informed of varying documents which place such ownership rights to shares of common stock in different individuals and vary considerably in the number of shares.

23. James Franklin ostensively acquired shares of preferred stock in SSI as a consequence of such transfer, which shares were improperly acquired for the lack of full and valid consideration.

24. Upon further information and belief, OGTF has transferred some of those shares to others, who are unknown to the Plaintiffs, and converted other shares in bearer form, which transfers may violate certain obligations and exemptions of SSI under federal and state securities laws.

25. Further, upon information and belief, in consideration of Franklin and OGTF's shares, OGTF transferred to SSI certain technology, which OGTF claimed an ownership interest in, but which OGTF either never owned or which had been previously transferred to SSI at the time OGTF obtained such shares, and therefore all or a portion of those shares were issued to OGTF for no valid consideration.

## E. FIDUCIARY DUTY

26. That Defendants, Kim and Frances, knew or should have known of the above misconduct by Defendant Franklin, as such Defendants acted closely and in conjunction with Franklin in the operation of SSI. Defendants, Kim and Frances, were, at all relevant times, officers and directors of SSI and, upon information and belief, officers and/or directors of OGTF.

27. Defendants Kim and Frances breached their fiduciary duty and legal responsibilities as officers and directors of SSI by virtue of neglect and/or acquiescence in the above conduct of Franklin. Defendants, Kim and Frances, further breached their fiduciary duty and legal responsibilities as officers and directors of SSI by failing to disclose their respective financial interests in the above conduct of Franklin and benefiting personally and improperly therefrom to the detriment of the above-named Plaintiffs.

28. As a direct and proximate consequence of such neglect, failure and breach of fiduciary and other duties by said Defendants Kim and Frances, the above-named Plaintiffs have been injured in a pecuniary fashion.

## F. FUTURE CONDUCT

29. That upon information and belief, Defendant Franklin continues to seek potential future investors for SSI, continues to make material misstatements and material omissions in connection with such solicitations for securities, and, if successful, thereby exposes such investors to substantial and irreparable harm, and exposes SSI, and, potentially, its Board of Directors, to civil liability therefore.

30. That upon information and belief, Franklin will continue to divert and dissipate key assets of SSI by licensing or transferring key technology rights to others, without knowledge or involvement or acquiescence of SSI, its management or board of directors.

31. That Franklin's continued association with SSI affects its ability to raise capital and therefore, jeopardizes its continued ability to operate efficiently or at all.

32. That Franklin's continued conduct threatens to expose SSI to legal and equitable commitments, which SSI has not authorized, and which Franklin is not authorized to make.

### IV. CLAIMS AND REMEDIES

33. That the Plaintiffs are entitled to an accounting from Franklin and OGTF as to the current shareholders of the company, as to the current status of ownership of the company's intellectual property, as to past revenue and expenses, as to the diversion of resources from SSI to OGTF and the undertaking of expenses by SSI which properly belong to OGTF, and on all such other matters so as to reasonably satisfy the Plaintiffs that the business of SSI is properly and efficiently run.

34. That unless preliminarily and permanently enjoined Franklin will cause irreparable harm to the Plaintiffs, to SSI and the Plaintiffs' investment therein, and to others for which the Plaintiffs lack an adequate remedy at law. The Plaintiffs are entitled to a preliminary and permanent injunction removing Franklin from any involvement in the conduct of SSI business, including, but not limited to, representing SSI to third parties and presenting proposals to potential investors for investing in SSI.

35. That the Plaintiffs are entitled to declaratory judgment defining the nature and extent of OGTF's shareholder interest in SSI, and declaring whether such company paid valid, adequate, or any consideration for any stock owned by such company.

WHEREFORE, the Plaintiffs respectfully requested judgment as follows:

A. For an accounting as described in Paragraph 33, herein above;

B. For a declaratory judgment as described in Paragraph 35, herein above, and

C. For a preliminary and permanent injunction as described in Paragraph 34, herein above.

D. For compensatory damages,

E. For actual costs and attorneys' fees.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 23rd day of May, 2006.

LIEBMANN, CONWAY, OLEJNICZAK, & JERRY, S.C.
Attorneys for Plaintiffs

By: ___s/George Burnett_____
George Burnett

POST OFFICE ADDRESS:
231 South Adams Street
Green Bay, WI 54301
P. O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476
State Bar No. 1005964