UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL CARLSON, et al.,

        Plaintiffs,

    v.                                     Case No. 06-C-487

JAMES FRANKLIN, et al.,

        Defendants.

**ORDER**

Plaintiffs moved for default judgment against two of the defendants on June 30, 2006. In the motion they noted that the defendants–James Franklin and Oil & Gas Technology Fund, Inc.–had been served on June 5. On July 24, Franklin filed a motion to dismiss and a motion to set aside the default judgment. The latter motion is premature, as neither judgment nor default has been entered against him. The motion to dismiss asserts that the individual who served Franklin was an employee or shareholder of one of the named plaintiffs, which rendered the attempted service ineffective.

Plaintiffs have responded, claiming that a default judgment is necessary in order to keep Franklin from working for (they would say "interfering with") Seismic Sciences and continuing to embezzle funds; they also assert that he has extensive litigation experience and cannot justify any excuse for failing to answer the summons and complaint within 20 days.

The motion for default judgment will be denied. Whatever the merits of the action, or the pressing needs of the plaintiffs, the matters in dispute are best resolved through the standard

litigation process rather than by entry of a default judgment. This is especially true now that the defendants have appeared and retained counsel. Entry of judgment would perhaps be a proper sanction for abuse of process or a prolonged, deliberate obstruction of proceedings, but here the defendants appeared soon after the motion was filed. As the Fifth Circuit has noted:

> [F]ederal courts should not be agnostic with respect to the entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor . . . securing a trial upon the merits."

*Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citations omitted).

As to the claim that service was ineffective, the Rule allows service by anyone at least eighteen and who is "not a party." Fed. R. Civ. P. 4(c)(2). The individual who served Franklin is "not a party" to this action; thus, without any authority holding otherwise I conclude that service was effective.

In sum, the plaintiffs' motion for default judgment is denied; the defendants' motion to dismiss and motion to set aside default are also denied. James Franklin and Oil & Gas Technology Fund, Inc. shall file an answer within 20 days of the date of this order.

SO ORDERED this   8th   day of August, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge